# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

TIMOTHY DESHAWN JONES,

:   Petitioner,

v.

CALVIN MORTON, Warden,

:   Respondent.

CASE NO: 4:07-CV-18 (CDL)

Proceedings Under 28 U.S.C. § 2254

## **REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely. (R-11). Petitioner has filed his Response (R-17) to Respondent's Motion to Dismiss.

On July 16, 1999, Petitioner pled guilty of possession of cocaine with intent to distribute, reckless driving and obstruction of a law enforcement officer. (R-18, Ex. 1a). Petitioner was sentenced on August 13, 1999, to thirty (30) years for the cocaine charge, and one (1) year each for the reckless driving and obstruction of a law enforcement charges. *Id*.

On June 27, 2000, Petitioner filed a state habeas corpus petition which was subsequently transferred to Ware County. (R-18, Ex. 1d, 1e). Relief was denied by the state habeas court on May 12, 2005. (R-18, Ex. 3a). Petitioner filed an application for certificate of probable cause to appeal the denial of state habeas corpus relief with the Supreme Court of Georgia, however, said application was dismissed as untimely on April 26, 2006. (R-18, Ex. 4a). Petitioner's motion for reconsideration was denied by the Supreme Court of

Georgia on June 12, 2006. (R-18, Ex. 4b). Petitioner then filed a "Motion for Permission to File a Second Motion for Reconsideration," which was also denied on July 14, 2006. (R-18, Ex. 4c). On February 2, 2007, Petitioner executed the instant petition challenging his Muscogee County convictions. (R-1).

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions in the federal courts. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under that statute, the limitation period begins to run on "the date on

2

which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the United States Court of Appeals for the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his conviction, in which to file a notice of appeal. Petitioner pled guilty and was sentenced on August 13, 1999, and thus, had until September 13, 1999[1], to file a notice of appeal. Having failed to file a direct appeal, the AEDPA one-year period of limitation, within which Petitioner could have filed a federal application for *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, began to run on Petitioner's § 2254 action on September 13, 1999, and ran

---

[1]Petitioner was given to the following Monday to file his appeal where the thirtieth day fell on a Saturday.

until the day the Petitioner filed his state habeas petition on June 27, 2000, allowing 288 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

Accordingly, Petitioner's one-year time period for filing his § 2254 petition was tolled during the pendency of his state habeas petition. After Petitioner's state habeas corpus application was denied on May 12, 2005, Petitioner had until June 13, 2005, to timely file an application for certificate of probable cause to appeal the denial of state habeas relief. However, Petitioner failed to timely file said application and therefore, his application was not "properly filed" within the meaning of *Artuz* to toll the one year period. Thus,

4

Petitioner's one year statute of limitations began to run again on June 14, 2005[2]. At this time, Petitioner had 77 days left in which to file a § 2254 petition. Based on the foregoing, on February 2, 2007, when Petitioner filed his federal habeas petition, 598 days had passed and Petitioner's federal limitations period had already expired. Petitioner's petition was, therefore, 521 days out of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's § 2254 action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 10th day of September, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

---

[2] Even if Petitioner were given credit for the time during which certificate of probable cause to the Supreme Court of Georgia was pending, which Petitioner is not entitled to as the petition was untimely, Petitioner would still have been 205 days outside the AEDPA statute of limitations.